# CIRCUIT COURT OF THE CITY OF RICHMOND

S. L. Messina
and Tech-Mod Corp.

v.

Fidelity National Bank

v.

Joseph T. Norris

April 20, 1976

Case No. 8009

By JUDGE ALEX H. SANDS, JR.

This is an action instituted by plaintiffs, the beneficiaries under an irrevocable letter of credit allegedly issued by defendant (Fidelity) which was allegedly wrongfully cancelled by defendant to the detriment of the plaintiffs. Fidelity has brought in the account party (customer, Norris) as a third-party defendant who in turn has filed a counterclaim against the third-party plaintiff, Fidelity. A demurrer filed by Fidelity challenging the sufficiency of the counterclaim is now before the Court for ruling.

Norris alleges in his counterclaim (1) that upon receiving the subject letter of credit, he, Norris, had returned the letter requesting that it be cancelled, and (2) that the letter of credit was never delivered to plaintiffs by him, nor had it ever been "established" as to the plaintiffs.

If these two allegations were true, there would obviously be no liability of Fidelity to anyone for Fi-

delity's revocation would have complied with prescribed statutory procedures. *See* Va. Code § 8.5-106.

Norris contends, however, that action on the demurrer is premature until a trial on the merits has determined whether Fidelity was or was not justified in its revocation of the letter of credit. While this argument may have merit from a practical standpoint, it runs contrary to procedural requirements. To withstand demurrer the counterclaim must, taking all allegations therein as true, state a cause of action against the party against whom the counterclaim is filed. Here, if we accept the allegations in the counterclaim as being true, as we must, there remains no cause of action stated against Fidelity.

For the above reasons, the demurrer will be sustained with leave to the third-party defendant, Norris, to plead over within twenty-one days, should he be so advised.